**LAQUER, URBAN, CLIFFORD & HODGE LLP**
Michael Y. Jung, State Bar No. 245260
  Email: *mjung@luch.com*
225 South Lake Avenue, Suite 200
Pasadena, California  91101-3030
Telephone: (626) 449-1882
Facsimile: (626) 449-1958

Counsel for Plaintiffs, Trustees of the
Operating Engineers Pension Trust, et al.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND, TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST, TRUSTEES OF THE OPERATING ENGINEERS TRAINING TRUST,  ENGINEERS CONTRACT COMPLIANCE COMMITTEE FUND, and SOUTHERN CALIFORNIA PARTNERSHIP FOR JOBS FUND,<br><br>           Plaintiffs,<br><br>     vs.<br><br>BLACK DIAMOND CONTRACTING GROUP INC., a California corporation,<br><br>           Defendant. | CASE NO.:  8:18-cv-01323<br><br>**COMPLAINT FOR:**<br><br>1) **BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENT AND VIOLATION OF ERISA § 515 [29 U.S.C. § 1145];and**<br><br>2) **BREACH OF WRITTEN SETTLEMENT AGREEMENT.** |

Plaintiffs, TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND, TRUSTEES OF THE OPERATING ENGINEERS VACATION-

1259769

1
COMPLAINT

HOLIDAY SAVINGS TRUST, TRUSTEES OF THE OPERATING ENGINEERS TRAINING TRUST, ENGINEERS CONTRACT COMPLIANCE COMMITTEE FUND, and SOUTHERN CALIFORNIA PARTNERSHIP FOR JOBS FUND complain and allege:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction of this case pursuant to section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") [29 U.S.C. § 1132(e)(1)], which grants the United States District Courts exclusive jurisdiction over civil actions brought by a fiduciary pursuant to section 502(a)(3) of ERISA [29 U.S.C. § 1132(a)(3)], to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in section 502(f) of ERISA [29 U.S.C. § 1132(f)].

2. This Court also has jurisdiction of this case pursuant to section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA") [29 U.S.C. § 185(a)], which grants the United States District Courts original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

3. Venue is proper in this Court pursuant to section 502(e)(2) of ERISA [29 U.S.C. § 1132(e)(2)], and section 301(a) of the LMRA [29 U.S.C. § 185(a)], in that this is the district in which the Plaintiffs' Trusts (defined below) are administered, the signatory union maintains union offices, and where the contractual obligation is to be paid.

4. To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

///

///

**PARTIES**

5. Plaintiffs, Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation-Holiday Savings Trust and Trustees of the Operating Engineers Training Trust (collectively, the "Trustees"), are the trustees of four express trusts (collectively, the "Trusts") created pursuant to written declarations of trust (the "Trust Agreements") between the International Union of Operating Engineers, Local Union No. 12 ("Local 12"), and various multiemployer associations in the construction industry in Southern California and Southern Nevada. The Trusts are now, and were at all times material to this action, labor-management multiemployer trusts created and maintained pursuant to section 302(c)(5) of the LMRA [29 U.S.C. § 186(c)(5)]. The Trustees, as trustees of the Trusts, are "fiduciar[ies]" with respect to the Trusts as defined in section 3(21)(A) of ERISA [29 U.S.C. § 1002(21)(A)]. Plaintiff Fund for Construction Industry Advancement is an employer established and administered trust formed and created to protect and expand the interests of the construction industry. Plaintiff Engineers Contract Compliance Committee Fund is established by Local 12 in accordance with Section 6(b) of the Labor Management Cooperation Act of 1978 in order to improve job security and organizational effectiveness. Plaintiff Southern California Partnership for Jobs Fund is an industry-wide advancement fund established by the employers and Local 12. Collectively, all plaintiffs are referred to herein as the "Plaintiffs."

6. At all times material herein, Local 12 has been a labor organization representing employees in the building and construction industry in Southern California and Southern Nevada, and a labor organization representing employees in an industry affecting commerce within the meaning of § 301(a) of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. § 185(a)].

7. At all times material herein, defendant Black Diamond Contracting Group Inc. ("Black Diamond"), has been a corporation duly organized and existing by

virtue of the laws of the State of California, with its principal place of business located in Stanton, California.

## BARGAINING AGREEMENT AND STATUS OF PARTIES

8. On or about December 29, 2015, Black Diamond executed and delivered a written collective bargaining agreement (the "Agreement") to Local 12 whereby Black Diamond agreed to be bound by the terms and conditions, with certain exceptions, of certain written and existing agreements between various multi-employer associations and Local 12.  In particular, Black Diamond agreed to be bound by the Master Labor Agreement (the "Master Agreement") in effect between Local 12 and the Southern California Contractors Association, Inc., a multi-employer association.  On or about December 29, 2015, Black Diamond also signed written acknowledgments and acceptances of each of the Trust Agreements.  At all times since at least December 29, 2015, the Master Agreement has been an effective written collective bargaining agreement between the Southern California Contractors Association, Inc. and Local 12.

9. At all times material herein, Black Diamond has been obligated to the terms and provisions of the Agreement, Master Agreement, and Trust Agreements.

10. Black Diamond is an "*employer*," as that term is understood in the Master Agreement and related Trust Agreements.

11. Black Diamond is an "*employer*" as defined and used in section 3(5) of ERISA [29 U.S.C. § 1002(5)], and therefore, Black Diamond is "*obligated to make contributions to a multiemployer plan*" within the meaning of section 515 of ERISA [29 U.S.C. § 1145].  Plaintiffs are informed and believe, and thereon allege, that Black Diamond is also an "*employer*" engaged in "*commerce*" in an "*industry affecting commerce*," as those terms are defined and used in sections 501(1) and 501(3) of the LMRA [29 U.S.C. § 142(1) and § 142(3)], and within the meaning and use of section 301(a) of the LMRA [29 U.S.C. § 185(a)].

///

# FIRST CLAIM FOR RELIEF

**Breach of Written Collective Bargaining Agreement and Violation of § 515 of ERISA [29 U.S.C. § 1145]**

12. Plaintiffs hereby incorporate by reference paragraphs 1 through 11 above to the same effect as if set forth here verbatim.

13. Section 515 of ERISA [29 U.S.C. § 1145], provides *"[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."*

14. Black Diamond is an *"employer"* as defined and used in § 3(5) of ERISA [29 U.S.C. § 1002(5)], and is *"obligated to make contributions to a multiemployer plan"* within the meaning and use of section 515 of ERISA [29 U.S.C. § 1145].

15. By the terms and provisions of the Agreement, Master Agreement, and related Trust Agreements, and at all times material herein:

(A) Black Diamond agreed to prepare and submit true, complete, and accurate written monthly contribution reports ("Monthly Reports") to Plaintiffs on a timely basis showing the identities of its employees performing work covered by the Master Agreement, the number of hours worked by or paid to these employees, and based upon the hours worked or amounts paid to employees, the proper calculation of the fringe benefit contributions due for such employees. At all times material herein, Black Diamond has been obligated to submit its Monthly Reports and pay its contributions to Plaintiffs at Plaintiffs' administrative offices in Pasadena, California, on or before the 10th day of each successive month;

(B) Black Diamond agreed to permit Plaintiffs and their agents to conduct audits of payroll and related records in order to determine if fringe benefit contributions have been properly paid pursuant to the Master Agreement and related Trust Agreements; and

1         (C)   Black Diamond agreed to pay to Plaintiffs fringe benefit contributions, benefits, and/or withholdings on a monthly basis, and at specified rates for each hour worked by, or paid to, applicable employees.  These amounts are due and payable at Plaintiffs' administrative offices in Pasadena, California.

16. Black Diamond signed and submitted Monthly Reports to Plaintiffs reflecting work performed by Black Diamond's employees during the months of June 2016, December 2016, March 2018, April 2018, and May 2018.  By those Monthly Reports, Black Diamond admitted that it owed Plaintiffs fringe benefit contributions totaling at least $25,572.88, but Black Diamond failed to pay or to timely pay the fringe benefit contributions in violation of the Master Agreement and Trust Agreements, and its statutorily-mandated obligation under section 515 of ERISA [29 U.S.C. § 1145] to timely pay fringe benefit contributions to Plaintiffs pursuant to the Master Agreement and related Trust Agreements for that work.

17. After crediting payments received from Black Diamond pursuant to the defaulted settlement agreement discussed below, Black Diamond currently owes fringe benefit contributions totaling at least $14,427.57 based on Monthly Reports for the months of June 2016, December 2016, March 2018, April 2018, and May 2018, a portion of which is also the subject of the second cause of action for breach of written settlement agreement discussed below.  This amount is due and payable at Plaintiffs' administrative offices in Pasadena, California.

18. Black Diamond has also failed to submit Monthly Reports and payment of corresponding fringe benefit contributions for the June 2018 work month, in violation of the Master Agreement and Trust Agreements, and its statutorily-mandated obligation under section 515 of ERISA [29 U.S.C. § 1145].  These additional amounts will be established by proof.

19. Plaintiffs are informed and believe, and thereon allege, that Black Diamond has failed to pay certain additional amounts of fringe benefit contributions

///

not presently known to Plaintiffs. These additional amounts will be established by proof.

20. Black Diamond is a "delinquent," as that term is used in the Master Agreement and related Trust Agreements.

21. Plaintiffs are informed and believe, and thereon allege, that there is no legal excuse for Black Diamond's breach of its obligations under the Master Agreement and related Trust Agreements in violation of section 515 of ERISA [29 U.S.C. § 1145].

22. Black Diamond has failed to pay or to timely pay contributions owed to Plaintiffs, accruing since at least June 2016. Pursuant to the Master Agreement, Black Diamond agreed that in the event Black Diamond failed to pay fringe benefit contributions or otherwise comply with the terms and provisions of the Master Agreement and related Trust Agreements, Black Diamond would be considered delinquent with Plaintiffs and would pay Plaintiffs the greater of $25.00 per month or ten percent (10%) of the total amount then due as liquidated damages for each delinquency.

23. Pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], in any action by a fiduciary in which judgment is found in favor of the plan, the Court shall award the plan: (i) the unpaid contributions, (ii) interest on the unpaid contributions, (iii) an amount equal to the greater of (a) interest on the unpaid contributions or (b) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under federal or state law) of the amount determined by the Court to be unpaid contributions, (iv) reasonable attorneys' fees and costs, and (v) such other legal or equitable relief as the Court deems appropriate. For purposes of section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], interest on unpaid contributions shall be determined by using the rate provided under the plan or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1986, as amended, 26 U.S.C. § 6621.

24. Pursuant to the Master Agreement, related Trust Agreements, and Section 502(g)(2)(C) of ERISA [29 U.S.C. § 1132(g)(2)(C)], Black Diamond owes Plaintiffs at least $1,186.22 for liquidated damages, plus additional amounts currently unknown to Plaintiffs that will be established by proof.

25. Pursuant to the Master Agreement, related Trust Agreements, and Section 502(g)(2)(B) of ERISA [29 U.S.C. § 1132(g)(2)(B)], Black Diamond owes Plaintiffs interest at the rates established pursuant to 26 U.S.C. § 6621 from the respective due dates on all unpaid fringe benefit contributions. The exact amount of interest owed by Black Diamond to Plaintiffs will be established by proof.

26. By the Master Agreement and related Trust Agreements, Black Diamond agreed to pay Plaintiffs all legal and auditing costs in connection with the collection of any delinquency, whether incurred before or after litigation is commenced. Plaintiffs have incurred and will incur audit costs in amounts not yet ascertained which will be established by proof.

27. It has been necessary for Plaintiffs to engage legal counsel for the purpose of collecting said contributions and damages, and Plaintiffs are entitled to their reasonable attorneys' fees in connection therewith pursuant to the Master Agreement, Trust Agreements, and Section 502(g)(2)(D) of ERISA [29 U.S.C. § 1132(g)(2)(D)]. The exact amount of the legal fees due and payable has not been ascertained at this time. These amounts shall be established by proof.

28. Pursuant to Section 502(g)(2)(E) of ERISA [29 U.S.C. § 1132(g)(2)(E)], the Court may grant such other legal or equitable relief as the Court deems appropriate. As part of Plaintiffs' judgment, Plaintiffs shall request the Court to:

(A) Order Black Diamond to post and deliver either a good faith deposit or a performance bond issued in favor of Plaintiffs in an amount determined by the Court to be appropriate, and

(B) Order the creation of a constructive trust on all applicable property and order the transfer of the applicable property to Plaintiffs, and

      (C) Order Black Diamond to pay to Plaintiffs all amounts due Plaintiffs, including, but not limited to, the unpaid contributions, other damages for breach of contract, legal fees, audit costs, and other expenses, and damages incurred.

## SECOND CLAIM FOR RELIEF

### *Breach of Written Settlement Agreement*

29. Plaintiffs hereby incorporate paragraphs 1 through 28 above, inclusive of any and all subparagraphs, to the same effect as if set forth verbatim.

30. On May 19, 2017, Black Diamond and Plaintiffs entered into a written settlement agreement ("Settlement Agreement") to resolve their dispute over Black Diamond's failure to timely pay Plaintiffs fringe benefit contributions, liquidated damages, and interest based on Monthly Reports submitted by Black Diamond to Plaintiffs for the work months of June 2016 and December 2016. A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit "A,"** the terms and provisions of which are incorporated herein as though set forth in full.

31. Pursuant to the Settlement Agreement, Black Diamond admitted owing Plaintiffs the principal amount of $15,782.60 based on Monthly Reports submitted by Black Diamond to Plaintiffs for the months of June 2016 and December 2016, and agreed to pay Plaintiffs the principal amount of $15,782.60, plus interest on the declining balance of that total sum at the rate of eight percent (8%) per annum from May 15, 2017, until the balance was paid in full. Plaintiffs and Black Diamond agreed that this sum would be paid in monthly installment payments of $933.39 each month thereafter, until all principal and interest due under the Settlement Agreement has been paid in full. The Settlement Agreement also requires Black Diamond to timely report and pay fringe benefit contributions and related amounts to Plaintiffs pursuant to the Master Agreement and related Trust Agreements. Black Diamond agreed that if it defaulted under the Settlement Agreement by failing to timely pay the monthly installments, and/or failing to adhere to Black Diamond's monthly contribution obligations under the Master Agreement, then the principal amount of $15,782.60,

plus 8% interest accruing from May 15, 2017, less all payments made under Settlement Agreement, would become immediately due and owing, and Plaintiffs would have the immediate right to take all necessary action to collect any and all amounts due, including attorneys' fees and costs.

32.  Black Diamond breached the Settlement Agreement by failing to timely pay fringe benefit contributions of at least $11,862.20 based on Monthly Reports submitted by Black Diamond to Plaintiffs for the work months of March 2018 through May 2018.  Plaintiffs provided written notice to Black Diamond of its breach of the Settlement Agreement.  Black Diamond failed to timely cure the breach, resulting in default under the Settlement Agreement.  As of the date of this complaint, at least $4,651.52 remains due and owing to Plaintiffs under the Settlement Agreement after crediting any and all payments received, plus Plaintiffs' reasonable attorneys' fees and costs pursuant to paragraph 11 of the Settlement Agreement.

33.  Plaintiffs are informed and believe, and thereon allege, that there is no pending unsatisfied condition subsequent or legal excuse for Black Diamond's failure to comply with the terms of the Settlement Agreement.

## PRAYER

**WHEREFORE**, Plaintiffs pray for judgment against Black Diamond as follows:

### FIRST CLAIM FOR RELIEF

1.  For unpaid fringe benefit contributions in the sum of $14,427.57, plus additional amounts as proved;

2.  For liquidated damages in the sum of $1,186.22, plus additional amounts as proved;

3.  For interest pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], and section 6621 of the Internal Revenue Code of 1986, as amended, 26 U.S.C. § 6621, or at the legal rate, in amounts as proved;

4.  For audit costs incurred, in amounts as proved;

5. For reasonable attorneys' fees and costs of suit incurred, in amounts as proved;

## SECOND CLAIM FOR RELIEF

6. For damages for breach of contract in the sum of $4,651.52, plus additional amounts as proved;

7. For interest as provided by contract in amounts as proved;

8. For reasonable attorneys' fees and costs of suit incurred as provided by contract, in amounts as proved; and

## ALL CLAIMS FOR RELIEF

9. For such additional relief as this Court deems just and proper, including, but not limited to, the following:

    9.1 An Order for the creation of a constructive trust on all applicable property, and an Order for the transfer of the applicable property to Plaintiffs; and

    9.2 For a good faith deposit or performance bond in favor of Plaintiffs in an amount equal to the total amount determined by this Court to be due to Plaintiffs, as proved.

Dated: July 31, 2018

Respectfully Submitted,

LAQUER URBAN CLIFFORD & HODGE LLP

By: /S/ Michael Y. Jung
    MICHAEL Y. JUNG
Counsel for Plaintiffs, Trustees of the Operating Engineers Pension Trust, et al.

## WAIVER OF JURY TRIAL

Plaintiffs hereby waive a jury trial in this action.

Dated: July 31, 2018

LAQUER URBAN CLIFFORD & HODGE LLP

By: /S/ Michael Y. Jung
MICHAEL Y. JUNG
Counsel for Plaintiffs, Trustees of the Operating Engineers Pension Trust, et al.